## BURSON v. FIRST NAT. BANK OF SIL-VERTON. (No. 2910.)

Court of Civil Appeals of Texas. Amarillo. Nov. 16, 1927.

1. **Principal and surety** ⟺155—Complaint alleging maker's property was released on condition that defendant should sign note as surety, and that he voluntarily signed note, held sufficient pleading of defendant's suretyship.

In action on note, complaint alleging that plaintiff agreed to release property covered by mortgage on condition that defendant would sign note as surety, and that defendant voluntarily signed note, and that he and maker had from time to time voluntarily renewed it thereafter without protest, *held* sufficient allegation that defendant signed original note and renewals as surety.

2. **Trial** ⟺253(5)—Instruction that jury should find for plaintiff, if defendant signed note as surety, held erroneous as ignoring defense of fraud and conditional signing.

In action against signers of note, in which one of defendants pleaded that he was accommodation maker, and that note was procured through fraud and conditionally, instruction that jury should find for plaintiff if they determined from evidence that such defendant signed notes as surety *held* erroneous for failure to submit his defenses of fraud and conditional signing of note.

3. **Principal and surety** ⟺162(2)—Issues of plaintiff's fraud and of surety's conditional signing and delivery of note held for jury.

In action on note against principal maker and surety, issues of plaintiff's fraud in procuring surety's signature to original note and renewals, or in promising to secure the signature of another, and of conditional signing and delivery of note by surety, *held* for jury.

4. **Exceptions, bill of** ⟺51—Court may refuse bill of exceptions or modify it with explanation, but should not strike out any part.

Court, if unable to approve bill of exceptions as presented, should refuse it or modify it with explanation, but should not strike out any part.

Appeal from Briscoe County Court; O. R. Tipps, Judge.

Suit by the First National Bank of Silverton against J. H. Burson and another. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

C. D. Wright and J. E. Daniel, both of Silverton, for appellant.

JACKSON, J. This suit was instituted in the county court of Briscoe county, Tex., by the First National Bank of Silverton, Tex., plaintiff, against J. H. Burson and J. T. McDonald, defendants, on a promissory note of date December 16, 1924, for the sum of $500, and due on February 15, 1925, with interest thereon at the rate of 10 per cent. per annum from maturity until paid, which note it is alleged contained the usual stipulation for 10 per cent. attorney's fees, upon which default had been made, and that the plaintiff had contracted with its attorneys to pay the attorney's fees stipulated in the note.

The defendant J. T. McDonald failed to appear and answer said suit, and judgment was entered against him by default.

The defendant J. H. Burson answered by general denial, and pleaded failure of consideration; that he was an accommodation maker; that his signature to the note was procured through fraud; that he executed and delivered the note on certain conditions, which he fully sets out; that the plaintiff had released the property covered by a mortgage given to secure the payment of said note, and had also released from the payment of the note A. L. McMurtry, one of the original makers thereof.

The plaintiff, by supplemental petition, in reply to the answer of the defendant J. H. Burson, pleaded general denial, and that the note sued upon and particularly described in its original petition was executed by J. T. McDonald and A. L. McMurtry, as principal and surety, respectively; that said note was further secured by a chattel mortgage on certain property belonging to J. T. McDonald, who, without the knowledge or consent of the plaintiff, prior to the maturity of the note, removed the property covered by the mortgage beyond the bounds of Briscoe county, Tex.; that, when said note became due, payment thereof was demanded, and J. T. McDonald requested that the time of payment be extended and he be allowed to execute a new note therefor, and at the same time A. L. McMurtry asked to be released from the payment of said note as surety; that plaintiff agreed with J. T. McDonald to renew and extend the time of the payment of the note and also to release the property covered by the mortgage, and A. L. McMurtry, on the condition that J. H. Burson would sign said note as surety with J. T. McDonald, and that, before the plaintiff released its security on the original note, J. H. Burson voluntarily signed the note, and, at the time of doing so, knew that all of the original security was to be released; that the defendants have from time to time thereafter voluntarily renewed said note without protest; that the original note and all the renewal notes were executed and delivered to the plaintiff by the defendants unconditionally

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and, that J. H. Burson is estopped from denying liability thereon or setting up the plea of conditional delivery or any other defense to evade the payment of the note.

The case was submitted to a jury on a general charge, and a general verdict was returned for plaintiff, upon which judgment was entered, and from which action of the court J. H. Burson prosecutes this appeal.

The court, in the general charge given, instructed the jury, in effect, that, if they found from the evidence that J. H. Burson signed the original note and the renewals thereof for the accommodation of plaintiff, or that the plaintiff bank agreed with him that it would secure the signature of A. L. McMurtry to all the notes signed by him, or that his signature was secured to the notes by fraud, to find for the defendant Burson.

The court in this connection also instructed the jury that, if they found from the evidence that defendant J. H. Burson signed the notes as surety, they would find for the plaintiff.

· The appellant has filed a brief consisting of 127 typewritten pages, in which he presents numerous assignments of error to the action of the trial court in refusing him a peremptory instruction and in refusing to give numerous special instructions requested, and in refusing to correct and amend his main charge in compliance with certain objections and exceptions urged by him to the court's main charge.

In the view we take of the case, no good purpose would be served in a discussion by us of the various assignments of error presented in this voluminous brief.

[1-3] The plaintiff, who is appellee here, sufficiently pleaded that the appellant signed the original note executed by him and the renewals thereof as surety. The evidence, without contradiction, shows this to be true. The case having been submitted on a general charge and the court having affirmatively charged the jury, without any limitation on such instruction, that, if they found that the appellant signed the note as surety, they should find for appellee, such charge authorized the jury to return a verdict for appellee, regardless of any conclusion reached by the jury from the testimony relative to the defenses urged by appellant.

As the case is presented by this record, the court should have instructed the jury to find for appellee, unless they found from the testimony that appellee was guilty of fraud in securing the signature of appellant to the original note and the renewals thereof or had promised to secure the signature of A. L. McMurtry to said notes and had failed to do so, or that the notes had been signed and delivered by the appellant to appellee conditionally, as alleged, making the charge submitting such defenses sufficiently full to clearly present these alleged defenses, all of which were raised by the testimony.

[4] The appellant presents as error the action of the trial court in striking out certain portions of his bills of exceptions. The proper practice, if a court is unable to approve a bill of exceptions as presented to him by counsel, is either to refuse it or modify it by making such explanation thereon as he deems proper, without striking out any part of the bill of exceptions presented.

Appellant also presents as error the misconduct of the jury in certain particulars alleged, but, as this will probably not occur on another trial, we deem it unnecessary to discuss this assignment.

For the error indicated, the judgment is reversed, and the cause remanded.